LUDWIG HOMMEL & CO v WOODSFIELD

(Village)

Ohio Appeals, 7th Dist, Monroe Co

Decided May 1, 1929

Messrs. Moore, Devaul & Moore, Woodsfield, for Ludwig Hommel & Co.

Messrs. Matz & Matz, Woodsfield, for Village.

FARR, J.

The title to these meters remains in the Ludwig Hommel Co., but that is not the precise question which presents itself now to this Court. Attention is called to an opinion of the Attorney General of Ohio, and some communications addressed to him with reference to a purchase by township trustees of certain material.

The first proposition of the syllabus of the opinion reads as follows:-

"Where township trustees purchase road machinery without complying with the provisions of 3373 GC, and a finding is made against the seller, said seller is entitled to receive back the property so attempted to be sold and actually delivered upon return of the money, or evidences of indebtedness to the township.

2. Authority to compromise claim of seller for damages to property discussed in view of the specific facts considered herein."

There certainly can be no question but what if the township trustees had entered into an arrangement with some machinery company, by which certain machinery was obtained, and that afterward, the contract was found to be invalid, that the seller would be the owner thereof, and that is the principle that the Attorney General announced in his opinion.

There is another case of interest in this jurisdiction, and which is controlling in Ohio from the date it was decided until the present time; it is **Buchanan Bridge Co. v. Campbell et al. Commissioners, 60 OS. 406.**

The principle announced in this syllabus is broad, and it is to to the effect that no recovery can be had against the county for the value of such bridge, and, in the instant case, no recovery can be had for similar reasons against the village of Woodsfield for the electric metrs installed.

There are pertinent observations by Burkett, J. to this opinion that are of considerable interest, pointing out the reasons why statutes of this kind must be upheld and adhered to; that such statutes are notice to the world of the existence of the limitation of the power of the commissioners, and the Bridge Company was bound by such notice. That being true, the statute involved here was notice to the world and to Ludwig Hommel & Company, and likewise to the Council of the Village of Woodsfield that a contract made in violation of such satute would not be enforceable.

Perhaps nowhere are the views of Burkett, J. better epitomized than in the closing paragraph of the opinion at page 426, as follows:-

"The answer to this is that the commissioners have no power to bind the county in that way, and to allow such a course to be pursued would permit the evasion of the statutes."

That is the proposition in the instant case. If Ludwig Hommel & Company could prevail in this action, it would simply mean the circumvention of the statute enacted for the protection of the taxpayers of the village of Woodsfield. It would only be necessary to violate that statute, send on the supplies, permit them to be installed, and then, begin a suit to recover for the conversion of the same, which is sought to be done in the instant case.

Again, in the opinion it is said:-
(Here follows quotation)

So that is the situation in the instant case, if the foregoing is still the law in Ohio, then, the parties, the village of Woodsfield and Ludwig Hommel & Company are left just where they placed themselves. No doubt Ludwig Hommel & Company are still the owners of these meters, but they delivered them here and permitted them to be installed; it was a chance they took.

The question of their right to remove the meters is not determined, but to permit a recovery for them would, under the circumstances, certainly be to nullify this statute. For the reasons given, the judgment is affirmed.

Pollock and Roberts, JJ. concur.